IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, a/k/a FANNIE MAE, § § § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:13-cv-995-O-BN |
| § | |
| KEVIN BURNS, ET AL., § § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Plaintiff Federal National Mortgage Association a/k/a Fannie Mae ("Fannie Mae" or "Plaintiff") brought this forcible detainer action against Defendant Kevin Burns ("Defendant Burns" or "Burns") and all occupants (collectively, "Defendants"), involving real property located in Sunnyvale, Texas (the "Property") in Texas state court on July 19, 2012. *See* Dkt. No. 6-4. Judgment was granted in Plaintiff's favor, *see* Plaintiff's Motion to Remand [Dkt. No. 6], Ex. A, but Defendants received an abatement of the eviction appeal before Plaintiff could obtain a final judgment, *see id.*, Ex. I. After a series of actions not relevant to Defendant Burns's removal of the action, the abatement was terminated, and Plaintiff filed a motion to reopen the state court

action in County Court at Law No. 1, *see id.*, Ex. I, but Defendant Burns, proceeding *pro se*, filed a notice of removal on March 6, 2013, removing this civil action from County Court at Law No. 1, Dallas County, Texas, to federal district court, where it was docketed as Case No. 3:13-cv-995-O, *see* Dkt. No. 2.

After reviewing the notice of removal, the undersigned determined that the removal papers were deficient in that Defendant Burns failed to attach to the Notice of Removal a copy of all process, pleadings, and orders served on Defendants in the state court action. The undersigned also *sua sponte* questioned whether removal is proper. As a result, the undersigned entered an order explaining that no facts were alleged to "show that either federal question jurisdiction or diversity jurisdiction is proper" but granting Defendant Burns "an opportunity to establish that federal jurisdiction is proper" by "filing (1) a copy of all process, pleadings, and orders served on Defendants in the state court action; (2) evidence to establish that the value of the right to occupy or possess the property at issue in the underlying eviction proceeding exceeds $75,000; and (3) evidence or facts to establish that federal question jurisdiction exists." Dkt. No. 5 at 2, 6. The undersigned also invited Plaintiff to advise the Court in writing whether it objected to removal and would move for remand based on Defendant Burns's allegations of Texas citizenship or on any other procedural or jurisdictional grounds. *See id.* at 7.

Defendant has not responded by the deadline set in the order. Plaintiff, however, filed its motion to remand on March 21, 2013, arguing that remand is appropriate. *See* Dkt. No. 6 at 1; Dkt. No. 6-1 at 6. While Defendant Burns has not yet responded to the

Court's order or filed a response to Plaintiff's motion to remand, the undersigned nonetheless determines that remand is appropriate without the need to await a response that would not change the undersigned's determination that remand is required, at the least, based on the forum-defendant rule under 28 U.S.C. § 1441(b), as discussed below.

## Legal Standards and Analysis

Plaintiff seeks to remand this case because (1) Defendants' contention that federal question jurisdiction exists is flawed; (2) Defendants failed to meet their burden to establish that federal jurisdiction exists; and (3) Defendants' notice of removal is untimely. Dkt. No. 6 at 1; Dkt. No. 6-1 at 6. The undersigned concludes that Defendants have failed to meet their burden to establish that federal jurisdiction exists over Fannie Mae's forcible detainer action and that the case's removal contravenes the Section 1441(b)'s forum-defendant rule.

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. 28 U.S.C. § 1441(a). The removing party bears the burden of establishing jurisdiction. *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). A federal court's jurisdiction is limited, and federal courts generally may hear only a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir.

-3-

1988) (citing *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n.2 (5th Cir. 1983)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Plaintiff seeks remand on a number of bases, and even without Defendant Burns's response to Plaintiff's Motion to Remand, the undersigned finds remand to be appropriate on the basis of the forum-defendant rule, as Plaintiff asserts. *See* Dkt. No. 6-1 at 11. Defendant Burns has represented that he is a citizen of Texas – the same state where Plaintiff filed the underlying eviction proceeding. *See* Dkt. No. 2 at 3. An action may not be removed on the basis of diversity jurisdiction if any defendant, properly joined and served, is a citizen of the state where the plaintiff filed suit. *See* 28 U.S.C. § 1441(b)(2). Failure to comply with this requirement renders the removal defective. *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009) (removal of case in violation of forum-defendant rule is defective). Accordingly, the case should be remanded for this reason alone. As discussed more fully below, however, the undersigned also concludes that the Court lacks subject matter jurisdiction because the amount-in-controversy requirement was not met and no federal question jurisdiction exists.

Defendant Burns's Notice of Removal asserts that this Court has jurisdiction under the diversity statute. In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a), (b). If no amount of damages has been alleged in the state court petition, the defendant must prove by a preponderance of the evidence that

the amount in controversy exceeds the jurisdictional minimum. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995).

The amount in controversy in a forcible detainer action, such as this one, is the value of the right to occupy or possess the property at issue. *See, e.g., Fed. Nat'l Mortg. Ass'n v. Talley*, No. 3:12-CV-1967-N-BH, 2012 WL 4005910, at *2 (N.D. Tex. Aug. 16, 2012), *rec. adopted*, 2012 WL 4005760 (N.D. Tex. Sep. 11, 2012) (citing cases). Here, the record is wholly devoid of any evidence or argument to establish the value of the right to possess or occupy the property or that it exceeds $75,000. In the notice of removal, Defendant cites to the Deed of Trust in support of his position, presumably because it states that "Borrower owes Lender [$368,200.00]." Dkt. No. 2 at 8. But the amount in controversy in a forcible detainer action is determined by the value of the right to occupy or possess the property at issue. *See Talley*, 2012 WL 4005910, at *2. Accordingly, the undersigned determines that Defendant Burns failed to satisfy his burden to show that federal diversity jurisdiction exists under 28 U.S.C. § 1332(a)(1).

As grounds for removal, Defendant Smith's Notice of Removal also invoked federal question jurisdiction and alleged that "[t]his court has jurisdiction over this matter as it involves *federal questions and issues* ... the taking of real property without due process." Dkt. No. 2 at 2. Defendant Burns's Notice of Removal indicates that he intends to litigate these alleged federal law issues in this case. *See id.*

But Defendant Burns has not established federal question jurisdiction under 28 U.S.C. § 1331, which "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily

depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). Defendant Burns's removal papers make clear that, to support jurisdiction in this Court, he alleges a federal question based upon a defense and/or a counterclaim that he seeks to litigate in response to Plaintiff's state court forcible detainer action. *See* Dkt. No. 2 at 2. Yet a defense or counterclaim, even if it is based in federal law or raises a disputed question of federal law, will not support federal question jurisdiction for purposes of removal. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Nor can federal question jurisdiction rest upon an actual or anticipated counterclaim."); *id.* at 62 ("Under our precedent construing § 1331..., counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 430-31 (1999) ("To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal."); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("Thus, it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.").

Rather, "[w]hen an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be

presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 327 (5th Cir. 1998) (internal quotation marks omitted). Thus, "there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002). When a plaintiff's pleadings set forth only state law claims, a federal district court has federal question jurisdiction to entertain the action only if "(1) the state law claims necessarily raise a federal issue or (2) the state law claims are completely preempted by federal law." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).

Here, Defendant Burns has not shown that Plaintiff raised any federal law causes of action or any substantial, disputed question or issue of federal law in its state court forcible detainer action or that Plaintiff's state law claims are completely preempted by federal law. *See* Dkt. No. 2. None of the state court papers that Plaintiff filed suggest, much less show, that Plaintiff raised any federal law causes of action, questions, or issues in the state court proceedings. *See* Dkt. No. 6-4 at 1-3. And Defendant Burns's overly broad understanding of federal jurisdiction as extending exclusive jurisdiction to any matter allegedly touching "banking regulations," "securities, commodities, and Federal commerce issues," and the like – and Defendant Burns's belief that Plaintiff's state-court forcible detainer action somehow falls within any such exclusive jurisdiction – are simply incorrect and do not support federal question jurisdiction based on any assertion that any federal statute requires federal

jurisdiction in this case or that Plaintiff's state law forcible detainer action is somehow completely preempted by federal law. *See* Dkt. No. 2 at 2, 3; *JP Morgan Chase Bank Nat'l Ass'n v. Collins*, No. 3:13-cv-334-K-BH, 2013 WL 705134, at *2-3 (N.D. Tex. Jan. 28, 2013) (rejecting similar arguments in support of jurisdiction on removal), *rec. adopted*, 2013 WL 705882 (N.D. Tex. Feb. 26, 2013); *Federal Nat'l Mortg. Ass'n v. Watkins*, No. CV-12-577-PHX-GMS, 2012 WL 983680, at *1 (D. Ariz. Mar. 22, 2012) (holding that "[n]one of the federal statutes or Constitutional provisions cited by Defendants completely preempt Plaintiff"s detainer claim").

Accordingly, Defendant Burns has failed to satisfy their burden to show that federal question jurisdiction exists under 28 U.S.C. § 1331. *See Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009) ("The complaint filed in the state court was a simple suit to evict arising under state law. The complaint provided no basis for federal question jurisdiction. The fact that Potts brought up possible federal question claims in her answer and counterclaim cannot be considered in determining the existence of removal jurisdiction. Therefore, the district court lacked jurisdiction to allow the removal of the action." (citations omitted)).

Thus, the undersigned concludes that the Court lacks subject matter jurisdiction over the action. The Court therefore has no jurisdiction to act on Defendant Burns's request for a temporary restraining order, *see* Dkt. No. 2 at 3-4, even if Defendant Burns had properly raised such a request, *see* Dkt. No. 5 at 7.

Although Plaintiff also contends that remand is required because removal of the case was untimely, this issue is mooted by the undersigned's determination that

Defendant Burns removed the case in contravention of the forum-defendant rule and, additionally, that the Court lacks subject matter jurisdiction over the action. The Court therefore need not decide this issue.

In its Motion to Remand, Fannie Mae also requests costs, expenses, and attorneys' fees incurred as a result of Burns' removal. Dkt. No. 6-1 at 13. An award of costs, expenses, and attorneys' fees pursuant to 28 U.S.C. § 1447(c) is within the discretion of the trial court. *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993). Because Defendant Burns is proceeding *pro se*, the undersigned cannot find that he had no "objectively reasonable grounds to believe the removal was legally proper." *See Valdes v. Wal–Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000); *see also Fed. Nat. Mortg. Ass'n v. Elliott*, No. 3:10-cv-1321-L, at *5 (N.D. Tex. Nov. 16, 2010) (declining to award attorneys' fees and costs because the Court could not say that the removal was objectively unreasonable where the defendant was *pro se* and proceeding *in forma pauperis*). The undersigned recommends that the Court decline to award Fannie Mae's requested costs, expenses, and attorneys' fees.

**Recommendation**

The undersigned concludes that the removal of the action *Federal National Mortgage Association, a/k/a Fannie Mae v. Burns, et al.*, Case No. 3:13-cv-995-O-BN was defective because it contravened 28 U.S.C. § 1441(b)'s forum-defendant rule and, additionally, the Court lacks subject matter jurisdiction over this action. Accordingly, the undersigned recommends granting Plaintiff's Motion to Remand [Dkt. No. 6] and remanding the action *Federal National Mortgage Association, a/k/a Fannie Mae v.*

*Burns, et al.*, Case No. 3:13-cv-995-O-BN, to the County Court at Law No. 1, Dallas County, Texas, from which it was removed. The undersigned also recommends denying Plaintiff's Motion for Attorney's Fees [Dkt. No. 6].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 5, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE